UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ELMER FLORES, JOSE GONZALEZ
RODRIGUEZ, RAMON BENITEZ, JAMIE
VELASQUEZ, EDWIN HERNANDEZ, PAOLA
PINEDA, LILLIAN FUENTES, EDWIN
ESQUIVAL and FRED FUENTES, on behalf of
themselves and others similarly situated,

                    Plaintiffs,

    -against-

MAMMA LOMBARDIS OF HOLBROOK,
INC., 600 SOUTH OCEAN OPERATING
CORP., d/b/a/ LOMBARDI'S ON THE BAY,
LOMBARDI CATERERS, INC., d/b/a/
LOMBARDI'S ON THE SOUND, QCG, INC.,
d/b/a/ VILLA LOMBARDI'S, LOMBARDI'S
GOURMET MARKET, QURINO LOMBARDI,
JERRY LOMBARDI, JOSEPHINE LOMBARDI
PAPADAKIS, FILOMENA LOMBARDI and
GUY LOMBARDI,

                    Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 15 2013 ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 12-3532

(Wexler, J.)

APPEARANCES:

    FRANK & ASSOCIATES, P.C.
    BY: PETER ARCADIO ROMERO, ESQ., NEIL FRANK, ESQ.
    Attorneys for Plaintiffs
    500 Bo-county Blvd., 112N
    Farmingdale, New York 11735

    LIPMAN & PLESUR, LLP.
    BY: ROBERT D. LIPMAN, ESQ., DAVID ROBINS, ESQ.
    Attorneys for Defendants
    500 North Broadway Suite 105
    Jericho, New York 11753-2131

1

WEXLER, District Judge

This is a case brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA"), and parallel provisions of the New York State Labor Law, seeking minimum wage and overtime compensation. Plaintiffs represent themselves and seek to represent a class of persons similarly situated. Presently before the court are Plaintiffs' motions to dismiss Defendants' counterclaim and to amend their complaint. The counterclaim sought to be dismissed seeks contribution from certain named Plaintiffs on the ground that if Defendants are found liable, these Plaintiffs should also be held liable as employers under the relevant statutory provisions. Plaintiffs' motion to amend seeks to add a claim for retaliation, and to change the definition of the covered class to add busboys and servers. For the reasons that follow, the motions are granted.

## BACKGROUND

### I. The Parties, the Allegations of the Complaint and The Counterclaim

Plaintiffs are current and former employees of Defendants who are alleged to own and operate the Defendant restaurants and catering businesses. Members of the Plaintiff class are alleged to be responsible for cooking and/or preparing food, washing dishes and cleaning the restaurants operated by Defendants. These employees are alleged to have been assigned to work, at various times, at each of the five locations operated by Defendants. Each of the individually named Plaintiffs is alleged to have regularly worked in excess of forty hours per week, but not to have been paid overtime wages as required by Federal and New York law. Defendants are also alleged to have failed to maintain proper records of hours works, to have denied certain Plaintiffs "spread of hours" pay under state law and to have been denied required time off for meals and

2

breaks.

Plaintiffs' first cause of action alleges a violation of the FLSA for the failure to pay overtime wages. The second cause of action alleges a parallel cause of action pursuant to the New York Labor Law. Plaintiff Evelyn Lilian Fuentes ("Fuentes") alleges the third and fourth causes of action for failure to pay her, and those similarly situated, the required minimum wage under Federal and State law. Fuentes similarly alleges the fifth cause of action on behalf of herself and class members similarly situated, seeking spread of hours pay under New York law.

Defendants deny the allegations of Plaintiffs' complaint and assert twenty-nine separate affirmative defenses. Among those affirmative defenses is the claim that Plaintiffs do not clearly and objectively define a plaintiff class and are not similarly situated to those they seek to represent. Defendants also assert a counterclaim against individual Plaintiffs Jamie Velasques ("Velasquez"), Edwin Hernandez ("Hernandez") and Luis Juarez ("Juarez") (collectively the "Counterclaim Defendants"). Defendants assert that the Counterclaim Defendants were employed as chefs who worked on a salaried basis. The individuals named are asserted to have exercised supervisory authority over other employees, including hiring, firing and scheduling hours. Each of the Counterclaim Defendants is further alleged to have been responsible for tracking the hours of their fellow employees and approval of time records. More specifically, Velasquez, Hernandez and Juarez are alleged to have been responsible for ensuring that their fellow workers had work time properly recorded, scheduling workers so that they did not work in excess of forty hours in any work week, and for ensuring that their co-workers were properly paid. Based upon these factual allegations, Defendants assert that the Counterclaim Defendants are employers, within the meaning of the FLSA and the New York Labor Law. The counterclaim

goes on to allege that "[i]f defendants are found liable for damages, [Velasquez, Hernandez and Juarez] should be compelled to be responsible for paying all or part of such damages" as jointly responsible under both the FLSA and New York law. Counterclaim ¶ 227. Defendants allege further that:

> [i]f defendants are found liable for damages, [Velasquez, Hernandez and Juarez] should be required to contribute any damages pursuant to and otherwise reimburse defendants for all or part of such damages pursuant to the remedial scheme of the FLSA governing the liability of joint employers and under the doctrine of contributory negligence and joint employer liability relating to any damages under the New York Labor law accruing to the extent not preempted by the FLSA.

Counterclaim ¶228.

## II. The Motions

Plaintiffs seek dismissal of the Counterclaim on the ground that the Second Circuit has held clearly that there is no right to contribution under the FLSA, and no such right exists under the New York Labor Law. The motion to amend seeks to add busboys and food servers to the definition of the Plaintiff Class. Finally, Plaintiffs seek to amend the complaint to add causes of action for retaliation under Federal and State law. The proposed retaliation claim alleges that the assertion of baseless counterclaims constitute an act of retaliation for engaging in the protected activity of pursuing this lawsuit.

After outlining applicable law, and upon consideration of the facts set forth above in light of that law, the court will decide the merits of the motion.

## DISCUSSION

I. <u>Standards on Motion to Dismiss</u>

To survive a motion to dismiss made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure a plaintiff is required to allege facts to state a claim to relief that is "plausible on its face." <u>Starr v. Sony BMG Music Entertainment</u>, 592 F.3d 314, 321 (2d Cir. 2010), quoting, <u>Bell Atlantic v. Twombly</u>, 550 U.S. at 570; <u>Davis v. NYC Dept. of Educ.</u>, 2012 WL 139255 *3 (E.D.N.Y. 2012). This means that a pleading must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A claim will be deemed to have "facial plausibility" where it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). If the facts do not allow for an inference that goes further than "the mere possibility of misconduct" dismissal is appropriate. <u>Id.</u> at 1950.

When deciding a Rule 12(b)(6) motion, the court "accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party." <u>Davis</u>, 2012 WL 139255 *3, quoting, <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 191 (2d Cir. 2007). The court's consideration is limited to: "(1) the factual allegations in the complaint; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents that are "integral" to the complaint. <u>Id.</u>, quoting, <u>Corbett v. eHome Credit Corp.</u>, 2010 WL 1687704 *2 (E.D.N.Y. 2010);

see Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also McCarthy, 482 F.3d at 191 (court deciding motion to dismiss considers "facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference").

II.     Motion to Dismiss Counterclaim

   A.     Contribution Under the FLSA and the New York Labor Law

The Second Circuit has made clear that an employer charged with violating the FLSA has no right to seek contribution from an employee who is alleged to have supervisory authority over his fellow plaintiff-employees. Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 143 (2d Cir. 1999). This is true even if the employee from whom contribution is sought does, in fact, have responsibilities that would otherwise fit the statutory definition of an employer. Id. at 144-45. The Second Circuit's holding barring FLSA contribution claims against employees is based upon the Supreme Court's decision in Northwest Airlines, Inc. v. Transport Workers Union, 451 U.S. 77 (1981).

In Northwest Airlines, the Court held that there was no right to contribution or indemnification under Title VII or the Equal Pay Act. Rejecting a claim that the union representing the plaintiff employees could be held liable for damages on the ground that it negotiated an allegedly discriminatory pay scale, the Supreme Court noted that the statutes at issue created no express right to contribution, and none could be inferred. Specifically, there was no right of contribution inferred because the statues were enacted for the benefit of employees and were therefore not to be interpreted to confer any rights on individuals or entities charged with their violation. Northwest Airlines, 451 U.S. at 93-94.

6

Applying the same analysis employed by the Court in Northwest Airlines, the Second Circuit held that employers can seek neither contribution nor indemnification from employees alleged to have supervisory responsibilities sufficient to render them "employers" under the FLSA. Herman, 172 F.3d at 143-44. While Herman decides the contribution/indemnification issue in the context of a federal FLSA claim, this court joins others within this circuit and holds that the same reasoning bars such claims under the New York Labor Law. Accord Gustafson v. Bell Atlantic Corp., 171 F. Supp.2d 311, 328 n.8 (S.D.N.Y. 2001) (Herman bars claims seeking contractual contribution or indemnification under New York law because the policies behind the state and federal laws are similar); see also Goodman v. Port Authority of New York and New Jersey, 850 F.Supp.2d 363, 388-89 (S.D.N.Y. 2012); Ansoumana v. Gristedes Operating Corp., 2003 WL 30411 *1 (S.D.N.Y. 2003).

B. The Counterclaim is Dismissed

Defendants acknowledge the law as set forth in Herman, but argue that, despite the use of the terms "contribution" and "contribute," their counterclaim is somehow distinguishable because it seeks damages "pursuant to the remedial scheme of the FLSA . . .under the doctrine of contributory negligence and joint employer liability [to the extent that such claims are] not preempted by the FLSA."

Whatever language Defendants choose to employ, and whatever their supposed theory, it is clear that they seek contribution from employees for any damages that might ultimately be assessed for the failure to pay minimum wage and/or overtime compensation. Such claims are barred as contrary to the statutory intent of both the FLSA and the New York Labor Law. Accordingly, the court grants the motion to dismiss Defendants' counterclaims.

III. Motions to Amend

Where, as here the time in which to amend as of right has expired, a party must seek consent, or leave of court to amend a complaint. Fed. R Civ. P. 15(a)(2). Such amendments are to be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Plaintiffs seek to amend their complaint to assert a claim for retaliation and to add busboys and servers to the definition of the Plaintiff Class. Defendants oppose the motion to add a claim for retaliation on the ground of futility, and the motion to expand the class definition on the grounds that the counterclaim creates a conflict among the members of the Plaintiff Class and prejudice.

A. Motion to Add Claim for Retaliation

Under the FLSA it is unlawful to discriminate against an employee because that employee "has filed any complaint or instituted or caused to be instituted any proceeding under [FLSA]." 29 U.S.C. § 215(a)(3). A plaintiff alleging a claim of FLSA retaliation establishes a prima facie case by showing: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010). An employment action is deemed "adverse" under the FLSA if that action might have "dissuaded a reasonable worker from making or supporting" a charge of discrimination. Id,. quoting, Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405(2006) (citations omitted).

Here, as noted, Plaintiffs claim of retaliation is based upon the allegation that Defendants' counterclaims are baseless and were filed in retaliation for the filing of the complaint. Defendants argue that such filings cannot constitute adverse employment action. The court

disagrees with Defendants and holds that the filing of a baseless pleading can, under certain circumstances, constitute adverse employment action sufficient to state a claim for retaliation. See, e.g., Torres v. Gristede's Operating Corp., 628 F. Supp.2d 447, 466-67 (S.D.N.Y. 2008) (assertion of "baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions, even though they do not arise strictly in an employment context"); see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 740 (1983) (noting possible "chilling effect"of lawsuit upon employees' willingness to engage in protected activity). The court does not rule as to whether the retaliation claim will succeed, but holds only that the allegations are sufficient to allow amendment of the complaint. Accordingly, the court grants Plaintiffs' motion to amend the complaint to set forth a claim for retaliation.

B. Motion to Add Busboys and Servers as Members of the Plaintiff Class

Plaintiffs seek to have busboys and servers as part of the Plaintiff Class. Citing the potential for conflict and prejudice, Defendants oppose the motion. The conflict be Defendants is that alleged to exist between the interests of the Plaintiff Class and those Plaintiffs named as Counterclaim Defendants. The court's dismissal of the counterclaim moots any such conflict. As to prejudice that might result from including busboys and servers as members of the plaintiff Class, the court finds none. This case is in its early stages and busboys and servers have already filed consents to become members of the Plaintiff Class. This is not surprising since the complaint describes members of the class as including those who are "responsible for cooking and/or preparing food, washing dishes and cleaning." In short, the court holds that there is no prejudice in allowing the Plaintiff Class to be defined to include busboys and servers and holds that such inclusion is entirely consistent with the standard set forth in Rule 15. Accordingly, the

9

court grants the motion to amend the definition of the Plaintiff Class as requested in the motion to amend.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motions are granted. The Clerk of the Court is directed to terminate the motions filed under docket entry umber 78. Plaintiffs shall file their amended complaint within two weeks of the date of this order. The parties are to continue with discovery.

SO ORDERED

/s/ Leonard D. Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
April 15, 2013