Peter A. Romero (PR-1658)
FRANK & ASSOCIATES, P.C.
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

ELMER FLORES, JOSE GONZALEZ RODRIGUEZ,
RAMON BENITEZ, JAMIE VELASQUEZ,
EDWIN HERNANDEZ, PAOLA PINEDA,
LILIAN FUENTES, EDWIN ESQUIVEL, and
FRED FUENTES, on behalf of themselves and all others
similarly situated,

                                    Plaintiffs,

        -against-

MAMMA LOMBARDI'S OF HOLBROOK, INC.,
600 SOUTH OCEAN OPERATING CORP. d/b/a
LOMBARDI'S ON THE BAY,
LOMBARDI CATERERS, INC. d/b/a
LOMBARDI'S ON THE SOUND,
QCG, INC. d/b/a VILLA LOMBARDI'S,
1055 PATCHOGUE OPERATING CORP. d/b/a
LOMBARDI'S MARKET & CAFE,
QURINO LOMBARDI, JERRY LOMBARDI,
JOSEPHINE LOMBARDI PAPADAKIS,
FILOMENA LOMBARDI and GUY LOMBARDI,

                                    Defendants.

-----------------------------------------------------------------------x

12-CV-3532
(LDW) (GRB)

**THIRD AMENDED**
**COMPLAINT**

*Jury Trial Demanded*

        Plaintiffs, ELMER FLORES, JOSE GONZALEZ RODRIGUEZ, RAMON BENITEZ,

JAMIE VELASQUEZ, EDWIN HERNANDEZ, PAOLA PINEDA, LILIAN FUENTES,

EDWIN ESQUIVEL and FRED FUENTES, on behalf of themselves, and on behalf of all others

1

similarly situated, by and through their attorneys, FRANK & ASSOCIATES, P.C., complaining

of the Defendants, allege as follows as and for their First Amended Complaint:

## INTRODUCTION

1.      The Defendants are family owned businesses engaged in the restaurant

and catering business with locations in Holbrook, Patchogue and Port Jefferson, New

York.

2.      Plaintiffs and similarly situated employees performed non-exempt work

for the Defendants, including cooking and/or preparing food, washing dishes and

cleaning the restaurants.

3.      The Defendants transferred certain Plaintiffs and other similarly situated

employees between the five business locations described herein.

4.      The Defendants used common payroll practices at each of their five

business establishments.

5.      Plaintiffs and similarly situated employees regularly worked in excess of

forty (40) hours in a workweek, but were not paid overtime in violation of the FLSA and

New York Labor Law.

6.      Plaintiffs seek to recover unpaid minimum and overtime wages that

Defendants owe them and similarly situated current and former non-exempt employees.

Plaintiffs brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq.,

("FLSA"), on behalf of herself and all similarly situated current and former employees

who elect to opt into this action pursuant to the collective action provision of FLSA 29

U.S.C. §216(b).  Plaintiffs also bring this action on behalf of themselves and a class of

similarly situated current and former non-exempt employees of Defendants, pursuant to

2

Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

8.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

9.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

10.     Defendants do business in the State of New York, within the Eastern District of New York, maintaining places of business at 400 Furrows Road, Holbrook, New York; 877 Main Street, Holbrook, New York; 600 South Ocean Avenue, Patchogue, New York; and 44 Fairway Drive, Port Jefferson, New York.

## THE PARTIES

11.     The Plaintiff, ELMER FLORES, is a resident of the County of Suffolk, State of New York.

12.     At all times relevant to the complaint, Plaintiff, ELMER FLORES, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

3

13. The Plaintiff, ELMER FLORES, was employed by the Defendants from in or about March 2002 until in or about May 2012 at MAMMA LOMBARDI'S RISTORANTE located at 400 Furrows Road, Holbrook, New York.

14. The Plaintiff, ELMER FLORES, performed non-exempt duties for the Defendants. Plaintiff's primary job duty involved cooking and/or preparing food.

15. The Plaintiff, JOSE GONZALEZ RODRIGUEZ, is a resident of the County of Suffolk, State of New York.

16. At all times relevant to the complaint, Plaintiff, JOSE GONZALEZ RODRIGUEZ, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

17. The Plaintiff, JOSE GONZALEZ RODRIGUEZ, was employed by the Defendants from in or about 2004 to in or about 2012. Plaintiff GONZALEZ worked at MAMMA LOMBARDI'S RISTORANTE, located at 400 Furrows Road, Holbrook, New York, from in or about 2004 to in or about 2009 and at LOMBARDI'S ON THE BAY, located at 600 South Ocean Avenue, Patchogue, New York, from in or about July 2009 to in or about July 2012.

18. The Plaintiff, JOSE GONZALEZ RODRIGUEZ, performed non-exempt duties for the Defendants. Plaintiff's primary job duty involved cooking and/or preparing food.

19. The Plaintiff, RAMON BENITEZ, is a resident of the County of Suffolk, State of New York.

4

20.     At all times relevant to the complaint, Plaintiff, RAMON BENITEZ, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

21.     The Plaintiff, RAMON BENITEZ, was employed by the Defendants from in or about 2007 to in or about 2012.  Plaintiff BENITEZ worked at LOMBARDI'S MARKET & CAFÉ in Holbrook, New York, from in or about 2007 to in or about 2009 and at MAMMA LOMBARDI'S in Holbrook, New York from in or about 2009 to in or about 2012.

22.     The Plaintiff, RAMON BENITEZ, performed non-exempt duties for the Defendants.  Plaintiff's primary job duty involved cooking and/or preparing food.

23.     The Plaintiff, JAIME VELASQUEZ, is a resident of the County of Suffolk, State of New York.

24.     At all times relevant to the complaint, Plaintiff, JAMIE VELASQUEZ, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

25.     The Plaintiff, JAMIE VELASQUEZ, was employed by the Defendants at LOMBARDI'S MARKET & CAFE in Holbrook, New York from in or about February 2011 to in or about September 2011.

26.     The Plaintiff, JAMIE VELASQUEZ, performed non-exempt duties for the Defendants.  Plaintiff's primary job duty involved cooking and/or preparing food.

27.     The Plaintiff, EDWIN HERNANDEZ, is a resident of the County of Suffolk, State of New York.

28. At all times relevant to the complaint, Plaintiff, EDWIN HERNANDEZ, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

29. The Plaintiff, EDWIN HERNANDEZ, was employed by the Defendants from in or about May 2006 until in or about May 2010, at LOMBARDI'S ON THE SOUND located at 400 Furrows Road, Holbrook, New York.

30. The Plaintiff, EDWIN HERNANDEZ, performed non-exempt duties for the Defendants. Plaintiff's primary job duty involved cooking and/or preparing food.

31. The Plaintiff, PAOLA PINEDA, is a resident of the County of Suffolk, State of New York.

32. At all times relevant to the complaint, Plaintiff, PAOLA PINEDA, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

33. The Plaintiff, PAOLA PINEDA, was employed by the Defendants from in or about April 2011 until in or about November 2011. Plaintiff PAOLA PINEDA worked at VILLA LOMBARDI'S located at 877 Main Street, Holbrook, New York and at LOMBARDI'S ON THE BAY, located at 600 South Ocean Avenue, Patchogue, New York.

34. The Plaintiff, PAOLA PINEDA, performed non-exempt duties for the Defendants. Plaintiff's primary job duty involved cooking and/or preparing food.

35. The Plaintiff, LILIAN FUENTES, is a resident of the County of Suffolk, State of New York.

36.     At all times relevant to the complaint, Plaintiff, LILIAN FUENTES, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

37.     The Plaintiff, LILIAN FUENTES, was employed by the Defendants from in or about May 2010 until in or about September 2010, at LOMBARDI'S ON THE BAY, located at 600 South Ocean Avenue, Patchogue, New York.

38.     The Plaintiff, LILIAN FUENTES, performed non-exempt duties for the Defendants. Plaintiff's primary job duty involved cooking and/or preparing food.

39.     The Plaintiff, EDWIN ESQUIVEL, is a resident of the County of Suffolk, State of New York.

40.     At all times relevant to the complaint, Plaintiff, EDWIN ESQUIVEL, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

41.     The Plaintiff, EDWIN ESQUIVEL, was employed by the Defendants from in or about 2004 to in or about 2012.  Plaintiff ESQUIVEL worked at MAMMA LOMBARDI'S in Holbrook from in or about 2004 to in or about 2009 and at LOMBARDI'S ON THE BAY, located at 600 South Ocean Avenue, Patchogue, New York from in or about 2009 to in or about 2012.

42.     The Plaintiff, EDWIN ESQUIVEL, performed non-exempt duties for the Defendants. Plaintiff's primary job duty involved cooking and/or preparing food.

43.     The Plaintiff, FRED FUENTES, is a resident of the County of Suffolk, State of New York.

44.     At all times relevant to the complaint, Plaintiff, FRED FUENTES, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

45.     The Plaintiff, FRED FUENTES, was employed by the Defendants from in or about 2008 to in or about 2012.  The Plaintiff FRED FUENTES worked at LOMBARDI'S ON THE BAY, located at 600 South Ocean Avenue, Patchogue, New York.

46.     The Plaintiff, FRED FUENTES, performed non-exempt duties for the Defendants.  Plaintiff's primary job duty involved cooking and/or preparing food.

47.     Upon information and belief, Defendant MAMMA LOMBARDI'S OF HOLBROOK, INC., d/b/a MAMMA LOMBARDI'S, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

48.     Upon information and belief, the Defendant MAMMA LOMBARDI'S was and still is engaged in the restaurant business and maintains a place of business at 400 Furrows Road, Holbrook, New York.

49.     At all times relevant, Defendant, MAMMA LOMBARDI'S was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

50.     Upon information and belief, Defendant 600 SOUTH OCEAN CORP., d/b/a LOMBARDI'S ON THE BAY, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

51. Upon information and belief, the Defendant LOMBARDI'S ON THE BAY was and still is engaged in the catering business and maintains a place of business at 600 South Ocean Avenue, Patchogue, New York.

52. At all times relevant, Defendant, LOMBARDI'S ON THE BAY was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

53. Upon information and belief, Defendant LOMBARDI'S CATERERS, INC., d/b/a LOMBARDI'S ON THE SOUND, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

54. Upon information and belief, the Defendant LOMBARDI'S ON THE SOUND was and still is engaged in the catering business and maintains a place of business at 44 Fairway Drive, Port Jefferson, New York.

55. At all times relevant, Defendant, LOMBARDI'S ON THE SOUND was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

56. Upon information and belief, Defendant QCG, INC., d/b/a VILLA LOMBARDI'S, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

57. Upon information and belief, the Defendant VILLA LOMBARDI'S was and still is engaged in the catering business and maintains a place of business at 877 Main Street, Holbrook, New York.

58.     At all times relevant, Defendant, VILLA LOMBARDI'S was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

59.     Upon information and belief, Defendant 1055 PATCHOGUE OPERATING CORP., d/b/a LOMBARDI'S MARKET & CAFE, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York, and operates a food establishment and catering business located at 1055 Main Street, Holbrook, New York.

60.     At all times relevant, Defendant, LOMBARDI'S MARKET & CAFÉ was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

61.     Upon information and belief, the Defendant QUIRINO LOMBARDI, resides at 44 Cranes Neck Road, Setauket New York.

62.     Upon information and belief, the Defendant QUIRINO LOMBARDI owns and/or operates MAMMA LOMBARDI'S OF HOLBROOK, INC.

63.     Upon information and belief, the Defendant QUIRINO LOMBARDI, owns and/or operates 600 SOUTH OCEAN OPERATING CORP.

64.     Upon information and belief, the Defendant QUIRINO LOMBARDI owns and/or operates LOMBARDI CATERERS, INC.

65.     Upon information and belief, the Defendant QUIRINO LOMBARDI owns and/or operates QCG, INC.

66.     Upon information and belief, the Defendant QUIRINO LOMBARDI is the President or Chief Executive Officer of MAMMA LOMBARDI'S OF HOLBROOK, INC.

67.     Upon information and belief, the Defendant QUIRINO LOMBARDI is the President or Chief Executive Officer of 600 SOUTH OCEAN OPERATING CORP.

68.     Upon information and belief, the Defendant QUIRINO LOMBARDI is the President or Chief Executive Officer of LOMBARDI CATERERS, INC.

69.     Upon information and belief, the Defendant QUIRINO LOMBARDI is the President or Chief Executive Officer of QCG, INC.

70.     Upon information and belief, the Defendant QUIRINO LOMBARDI is a shareholder of the Defendant MAMMA LOMBARDI'S OF HOLBROOK, INC.

71.     Upon information and belief, the Defendant QUIRINO LOMBARDI is a shareholder of the Defendant MAMMA LOMBARDI'S OF HOLBROOK, INC.

72.     Upon information and belief, the Defendant QUIRINO LOMBARDI is a shareholder of the Defendant 600 SOUTH OCEAN OPERATING CORP.

73.     Upon information and belief, the Defendant QUIRINO LOMBARDI is a shareholder of the Defendant LOMBARDI CATERERS, INC.

74.     Upon information and belief, the Defendant QUIRINO LOMBARDI is a shareholder of the Defendant QCG, INC.

75.     Upon information and belief, the Defendant QUIRINO LOMBARDI has the authority over personnel decisions of the Defendant MAMMA LOMBARDI'S OF HOLBROOK, INC.

11

76.     Upon information and belief, the Defendant QUIRINO LOMBARDI has the authority over personnel decisions of the Defendant 600 SOUTH OCEAN OPERATING CORP.

77.     Upon information and belief, the Defendant QUIRINO LOMBARDI has the authority over personnel decisions of the Defendant LOMBARDI CATERERS, INC.

78.     Upon information and belief, the Defendant QUIRINO LOMBARDI has the authority over personnel decisions of the Defendant QCG, INC.

79.     Upon information and belief, the Defendant QUIRINO LOMBARDI has the authority over payroll decisions of the Defendant MAMMA LOMBARDI'S OF HOLBROOK, INC.

80.     Upon information and belief, the Defendant QUIRINO LOMBARDI has the authority over payroll decisions of the Defendant 600 SOUTH OCEAN OPERATING CORP.

81.     Upon information and belief, the Defendant QUIRINO LOMBARDI has the authority over payroll decisions of the Defendant LOMBARDI CATERERS, INC.

82.     Upon information and belief, the Defendant QUIRINO LOMBARDI has the authority over payroll decisions of the Defendant QCG, INC.

83.     Upon information and belief, the Defendant QUIRINO LOMBARDI has the authority to hire and fire employees for the Defendant MAMMA LOMBARDI'S OF HOLBROOK, INC.

84.     Upon information and belief, the Defendant QUIRINO LOMBARDI has the authority to hire and fire employees for the Defendant 600 SOUTH OCEAN OPERATING CORP.

85.     Upon information and belief, the Defendant QUIRINO LOMBARDI has the authority to hire and fire employees for the Defendant LOMBARDI CATERERS, INC.

86.     Upon information and belief, the Defendant QUIRINO LOMBARDI has the authority to hire and fire employees for the Defendant QCG, INC.

87.     Upon information and belief, the Defendant JERRY LOMBARDI is and/or was a corporate officer of the Defendant MOMMA LOMBARDI'S OF HOLBROOK, INC.

88.     Upon information and belief, the Defendant JERRY LOMBARDI had the authority over personnel decisions and payroll practices for the Defendant MAMMA LOMBARDIS' OF HOLBROOK INC., including the authority to hire and fire employees for the Defendant MAMMA LOMBARDI'S OF HOLBROOK, INC.

89.     Upon information and belief, the Defendant JERRY LOMBARDI is and/or was a corporate officer of the Defendant QCG, INC.

90.     Upon information and belief, the Defendant JERRY LOMBARDI had authority over personnel decisions and payroll practices for the Defendant QCG, INC., including the authority to hire and fire employees for the Defendant QCG, INC.

91.     Upon information and belief, the Defendant FILOMENA LOMBARDI is and was a manager for the Defendant QCG, INC.

92.     Upon information and belief, the Defendant FILOMENA LOMBARDI has the authority to make personnel and payroll decisions for the Defendant QCG, INC., including the authority to hire and fire employees for the Defendant QCG, INC.

93.    Upon information and belief, FILOMENA LOMBARDI is a corporate officer of the Defendant 600 SOUTH OCEAN OPERATING CORP.

94.    Upon information and belief, the Defendant FILOMENA LOMBARDI has the authority to make personnel and payroll decisions for the Defendant 600 SOUTH OCEAN OPERATING CORP., including the authority to hire and fire employees for the Defendant 600 SOUTH OCEAN OPERATING CORP.

95.    Upon information and belief, the Defendant, GUY LOMBARDI, is an owner of LOMBARDI'S MARKET & CAFE.

96.    Upon information and belief, the Defendant, GUY LOMBARDI, is an owner of MAMMA LOMBARDI'S.

97.    Upon information and belief, the Defendant, GUY LOMBARDI, is an owner of VILLA LOMBARDI'S.

98.    Upon information and belief, the Defendant, GUY LOMBARDI, is an owner of LOMBARDI'S ON THE BAY.

99.    Upon information and belief, the Defendant, GUY LOMBARDI, is an owner of LOMBARDI'S ON THE SOUND.

100.    Upon information and belief, the Defendant GUY LOMBARDI is and/or was a corporate officer of Defendant 600 SOUTH OCEAN OPERATING CORP.

101.    Upon information and belief, the Defendant GUY LOMBARDI has the authority to make personnel and payroll decisions for the Defendant 600 SOUTH OCEAN OPERATING CORP., including the authority to hire and fire employees for the Defendant 600 SOUTH OCEAN OPERATING CORP.

102.    Upon information and belief, the Defendant GUY LOMBARDI is and/or was a corporate officer of the Defendant MAMMA LOMBARDI'S OF HOLBROOK, INC.

103.    Upon information and belief, the Defendant GUY LOMBARDI has the authority to make personnel and payroll decisions for the Defendant MAMMA LOMBARDI'S OF HOLBROOK, INC., including the authority to hire and fire employees for the Defendant MAMMA LOMBARDI'S OF HOLBROOK, INC.

104.    Upon information and belief, the Defendant GUY LOMBARDI is and/or was a corporate officer of the Defendant LOMBARDI CATERERS, INC.

105.    Upon information and belief, the Defendant GUY LOMBARDI has the authority to make personnel and payroll decisions for the Defendant LOMBARDI CATERERS, INC., including the authority to hire and fire employees for the Defendant LOMBARDI CATERERS, INC.

106.    Upon information and belief, the Defendant GUY LOMBARDI is and/or was a corporate officer of the Defendant QCG, INC.

107.    Upon information and belief, the Defendant GUY LOMBARDI has the authority to make personnel and payroll decisions for the Defendant QCG, INC., including the authority to hire and fire employees for the Defendant QCG, INC.

108.    Upon information and belief, the Defendant JOSEPHINE LOMBARDI PAPADAKIS, has the authority to make personnel and payroll decisions for the Defendant MAMMA LOMBARDI'S OF HOLBROOK, INC., including the authority to hire and fire employees for the Defendant MAMMA LOMBARDI'S RISTORANTE.

109. The Defendants are separate corporations under common ownership and management, have a unified operation, a unified payroll practice, and constitute a single enterprise.

110. Certain Plaintiffs and similarly situated employees worked at more than one of the locations owned and operated by Defendants during their employment.

111. Certain Plaintiffs and similarly situated employees were transferred by Defendants from one to another of Defendants' various locations.

112. At all times hereinafter mentioned, the activities of the Defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. §203(r) & (s).

113. At all times hereinafter mentioned, Defendants employed employees, including the Plaintiffs herein, who regularly engaged in commerce of in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. §203(b), (g), (i), (j), (r) & (s).

114. Defendants, MAMMA LOMBARDI'S OF HOLBROOK, INC., 600 SOUTH OCEAN OPERATING CORP. d/b/a LOMBARDI'S ON THE BAY, LOMBARDI CATERERS, INC. d/b/a LOMBARDI'S ON THE SOUND, QCG, INC. d/b/a VILLA LOMBARDI'S, and LOMBARDI'S MARKET & CAFE constitute a "joint employer" as defined by New York Labor Law §2(6) and §190(3).

## FACTS

115. The Plaintiffs were employees of the Defendants, working under their direct supervision.

16

116.    At all times hereinafter mentioned, Plaintiffs were required to be paid overtime pay at the statutory rate of time and one-half his regular rate of pay after they had worked forty (40) hours in a workweek.

117.    Plaintiffs worked more than forty hours in most workweeks in which they were employed by the Defendants.

118.    Defendants failed to compensate the Plaintiffs for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular hourly rate, throughout the entire term of their employment with the Defendants.

119.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate time sheets and payroll records.

120.    Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4  and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §137–2.3.

121.    Defendants paid Plaintiffs, at times, wholly or partially in cash, without providing an accurate indication as to their rate of pay, their hours worked each day, and the total hours worked each week.

122.    Defendants denied Plaintiffs time off for meals and breaks.

123.    On numerous occasions, Plaintiffs received neither the thirty (30) minute noonday break period for employees who work shifts in excess of six (6) hours that extend over the noonday meal period, nor the twenty minutes between 5:00 p.m. and 7:00 p.m. for those employed on a shift starting before 11:00 a.m. and continuing after 7:00 p.m.

## COLLECTIVE ACTION ALLEGATIONS

124.    At all relevant times, Plaintiffs and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay  at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.

125.    Plaintiffs also bring FLSA claims on behalf of themselves all non-exempt employees of Defendants who give their consent, in writing, to become a plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, bussing tables and serving food at any time during the three (3) years prior to the filing of their respective consent forms.

126.    Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interest in bringing this action.

127.    Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

128. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ACTION ALLEGATIONS

129. Plaintiffs also bring New York Labor Law claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all persons who work or have worked for Defendants and have performed non-exempt duties, including but not limited to, preparing and/or cooking food, washing dishes, cleaning and/or maintaining the premises, unloading trucks, bussing tables, and serving food, at any time from the six (6) years prior to the filing of this complaint to the entry of the judgment in the case (the "Rule 23 Class").

130. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

131. The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

132.   Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

133.   There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a)   Whether the Defendants unlawfully failed to pay proper compensation in violation of and within the meaning of the New York Labor Law Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(b)   Whether the New York Class Representatives and Rule 23 Class are non-exempt from entitlement to premium compensation for hours worked in excess of forty (40) hours per week;

(c)   Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

(d)   What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

(e)   What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of overtime wages;

(f)   Whether Defendants failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of New York Labor Law Article 19, §650 et seq., and

the supporting New York State Department of Labor Regulations, 12

N.Y.C.R.R. Part 142;

(g)    the nature and extent of Rule 23 Class-wide injury and the appropriate

measure of damages for the class;

(h)    Whether Defendants' general practice of failing and/or refusing to pay

Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess

of 40 hours per work week was done willfully or with reckless disregard

of the federal and state wage and hour laws.

134.    The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the Rule 23 Class work or have worked for Defendants in non-exempt positions and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week. Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

135.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation for hours worked in excess of forty (40) hours each week.

136.    Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

137.    Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

21

138. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

139. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

## ALLEGATIONS OF RETALIATION

22

140.  On August 30, 2012, Plaintiffs Jamie Velasquez, Edwin Hernandez and Luis Juarez participated in protected activity known to the Defendants by asserting claims against Defendants in this action alleging violations of the FLSA and NYLL.

141.  On October 26, 2012, Defendants retaliated against Plaintiffs Jamie Velasquez, Edwin Hernandez and Luis Juarez by filing counterclaims against Plaintiffs without a legal basis.

142.  The Defendants' counterclaims against Plaintiffs fail to state a claim for relief.

143.  Defendants' counterclaims were designed to deter Plaintiffs and similarly situated employees from seeking legal redress.

### FIRST CLAIM FOR RELIEF
### FOR FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

144.  Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

145.  Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

146.  Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

147.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

148.    As a result of Defendants' unlawful acts, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF
### FOR FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF NEW YORK LABOR LAW

149.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

150.    Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

151.    By Defendants' failure to pay Plaintiffs and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

152.    Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF

**ON BEHALF OF PLAINTIFF EVELYN LILIAN FUENTES
AND SIMILARLY SITUATED EMPLOYEES
FOR FAILURE TO PAY THE FEDERAL MINIMUM WAGE**

153.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

154.    Defendants willfully failed to pay Plaintiff Fuentes and similarly situated employees at the applicable federal minimum wage as codified by 29 U.S.C. 206(a)(1) for all hours worked, in violation of the Fair Labor Standards Act.

155.    As a consequence of the willful underpayment of wages, Plaintiff Fuentes and similarly situated employees are entitled to unpaid minimum wages, liquidated damages and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF
ON BEHALF OF PLAINTIFF EVELYN LILIAN FUENTES
AND SIMILARLY SITUATED EMPLOYEES
FOR FAILURE TO PAY THE MINIMUM WAGE
IN VIOLATION OF NEW YORK LABOR LAW**

156.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

157.    Defendants willfully failed to pay Plaintiff Fuentes and similarly situated employees the minimum wage for the first forty hours of work performed each week in violation of Labor Law §650 et seq. and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

158.    Due to Defendants' New York Labor Law violations, Plaintiff Fuentes and similarly situated employees are entitled to recover from Defendants unpaid minimum wages, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

25

## FIFTH CLAIM FOR RELIEF
## ON BEHALF OF PLAINTIFF EVELYN LILIAN FUENTES
## AND SIMILARLY SITUTATED EMPLOYEES FOR FAILURE TO PAY
## SPREAD OF HOURS IN VIOLATION OFNEW YORK LABOR LAW

159.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

160.    Defendants failed to pay Plaintiff Fuentes and similarly situated employees one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

161.    Defendants' failure to pay Plaintiff Fuentes and similarly situated employees an additional hour pay for each day the spread of hours exceeded ten (10) was willful within the meaning of the New York Labor Law.

162.    Due to Defendants' New York Labor Law violations, Plaintiff Fuentes and similarly situated employees are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## SIXTH CLAIM FOR RELIEF
## ON BEHALF OF PLAINTIFFS JAMIE VELASQUEZ, EDWIN HERNANDEZ
## AND LUIS JUAREZ FOR RETALIATION IN VIOLATION OF THE FAIR
## LABOR STANDARDS ACT 29 U.S.C. §215

163.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

164.    Plaintiffs participated in protected activity known to the Defendants by asserting statutory claims against Defendants in this action to recover unpaid overtime wages.

165.    Defendants retaliated against Plaintiffs by filing baseless counterclaims against Plaintiffs in violation of 29 U.S.C. §215.

166.    Due to Defendants' violation of 29 U.S.C. §215, Plaintiffs are entitled to appropriate legal and equitable relief, including reasonable attorneys' fees and costs, as provided by 29 U.S.C. §216(b).

### SEVENTH CLAIM FOR RELIEF
### ON BEHALF OF PLAINTIFFS JAMIE VELASQUEZ,
### EDWIN HERNANDEZ AND LUIS JUAREZ
### FOR RETALIATION IN VIOLATION OF LABOR LAW §215

167.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

168.    Plaintiffs participated in protected activity known to the Defendants by asserting statutory claims against Defendants in this action to recover unpaid overtime wages.

169.    Defendants retaliated against Plaintiffs by filing baseless counterclaims against Plaintiffs in violation of New York Labor Law §215.

170.    Due to Defendants' violation of New York Labor Law §215, Plaintiffs are entitled to appropriate legal and equitable relief, including reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid overtime, minimum wages and spread of hours pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iii) Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv) Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

(v) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: Farmingdale, New York
April 26, 2013

FRANK & ASSOCIATES, P.C.

By: _____

Peter A. Romero (PR-1658)
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
Tel. (631) 756-0400
Fax (631) 756-0547
promero@laborlaws.com

*Attorneys for Plaintiffs*