# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELMER FLORES, JOSE GONZALEZ RODRIGUEZ, RAMON BENITEZ, JAMIE VELASQUEZ, EDWIN HERNANDEZ, PAOLA PINEDA, LILIAN FUENTES, EDWIN ESQUIVEL, and FRED FUENTES, on behalf of themselves and all others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MAMMA LOMBARDI'S OF HOLBROOK, INC., 600 SOUTH OCEAN OPERATING CORP. d/b/a LOMBARDI'S ON THE BAY, LOMBARDI CATERERS, INC. d/b/a LOMBARDI'S ON THE SOUND, QCG, INC. d/b/a VILLA LOMBARDI'S, 1055 PATCHOGUE OPERATING CORP. d/b/a LOMBARDI'S MARKET & CAFÉ, QURINO LOMBARDI, JERRY LOMBARDI, JOSEPHINE LOMBARDI PAPADAKIS, FILOMENA LOMBARDI and GUY LOMBARDI,<br><br>Defendants. | **12 Civ. 3532 (LDW) (GRB)**<br><br>**STIPULATION AND SETTLEMENT AGREEMENT**<br><br>**ECF CASE** |

Elmer Flores, Jose Gonzalez Rodriguez, Ramon Benitez, Jamie Velasquez, Edwin Hernandez, Paola Pineda, Lilian Fuentes, Edwin Esquivel, and Fred Fuentes, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendants Mamma Lombardi's of Holbrook, Inc., 600 South Ocean Operating Corp. d/b/a Lombardi's On The Bay, Lombardi Caterers, Inc. d/b/a Lombardi's On The Sound, QCG, Inc. d/b/a Villa Lombardi's, 1055 Patchogue Operating Corp. d/b/a Lombardi's Market & Café, Quirino Lombardi, sued incorrectly as Quirino Lombardi, Guy Lombardi, Jerry Lombardi, Josephine Lombardi Papadakis, and Filomena Lombardi ("Defendants"), (collectively, the "Parties") enter into this Stipulation and Settlement Agreement ("Agreement") subject to entry by the Court of a Final

Order and Judgment approving the Agreement and dismissing with prejudice all claims encompassed by the Agreement and settlement. "Class Counsel" refers to Neil M. Frank, Esq. and Peter A. Romero, Esq. of Frank & Associates P.C.

1. Plaintiffs filed a lawsuit, *Flores, et al. v. Mamma Lombardi's of Holbrook, Inc., et al.*, 12 Civ. 3532 (LDW) (GRB) (the "Lawsuit") alleging that Defendants violated various federal and state wage and hour laws. The Lawsuit was brought under the Federal Fair Labor Standards Act ("FLSA"), 29 USC § 201, *et seq.* and the New York Labor Law ("NYLL").

2. Class Counsel has conducted a thorough investigation of the claims of Plaintiffs and potential members of the class sought to be certified under this Agreement against Defendants. Based on Class Counsel's investigation and evaluation, review of relevant information provided during discovery and in-depth interviews, Class Counsel believes that the settlement with Defendants for the consideration and on the terms set forth in this Agreement is fair, reasonable and adequate, and is in the best interest of all Plaintiffs and potential members of the class in light of all known facts and circumstances, including the risk of significant delay, and numerous potential defenses to the claims. The Parties participated in good-faith, arm's-length negotiations including conferences before Magistrate Judge Brown. Based on those negotiations, the Parties agreed to settle the Lawsuit and to release all claims covered by this Settlement.

3. By entering into this Agreement, Defendants do not admit any liability or wrongdoing and expressly deny the same; it is expressly understood and agreed that this Agreement is being entered into by Defendants solely for the purpose of avoiding the costs and disruption of ongoing litigation and to settle all outstanding claims. Nothing in this Agreement, or any motions filed or Orders entered pursuant to the Agreement, is to be construed as or

deemed an admission by Defendants of any liability, culpability, negligence or wrongdoing, and the Agreement, each of its provisions, its execution and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered or deemed admissible in any arbitration or legal proceedings for any purpose except in an action or proceeding to approve, interpret or enforce this Agreement. Furthermore, neither this Agreement, any motions filed or Orders entered pursuant to the Agreement, nor any class certification pursuant to this Agreement shall constitute an admission, finding or evidence that any requirement for class certification has been satisfied in the actions, except for the limited settlement purposes pursuant to this Agreement. Defendants expressly reserve their right to oppose class certification should this Agreement and settlement not be approved and become final.

**A. Terms of Settlement**

1. Effective Date. The Settlement embodied in this Stipulation of Settlement shall become effective when all of the following events have occurred: (i) this Stipulation of Settlement has been executed by all Parties and by counsel for the Settlement Classes and Defendants; (ii) the Court has given preliminary approval to the Settlement; (iii) the Notice has been distributed to the Settlement Classes as provided herein, providing Class Members the opportunity to file claims for cash Settlement Awards and to opt-in to the case, or to opt out of the Class by submitting a valid Request for Exclusion; (iv) the Court has held a formal fairness hearing and entered a final order and judgment certifying the Settlement Classes subject to the condition that the Court shall have and retain continuing jurisdiction over this action and over all Parties and members of the Class to the fullest extent necessary or convenient to enforce and effectuate the terms of this Settlement and all matters provided for therein; and (v) the later of

the following events: when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed, or any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ or other appellate proceeding has upheld the Court's final order with no right to pursue further remedies or relief.

2. Preliminary Approval. As soon as practicable after the execution of this Agreement, Class Counsel shall submit this Agreement to and move the Court for an Order, which shall: (a) assert jurisdiction over this Agreement and settlement; (b) grant preliminary approval of the settlement set forth in this Agreement as adequate, fair and reasonable and in the best interests of all Plaintiffs and potential settlement class members; (c) certify the class as defined in this Agreement for settlement purposes only ("Settlement Class"); (d) approve a Notice of Pendency of Class Action Settlement ("Notice"), in the form attached hereto as Exhibit A, a Claim/Consent to Join and Waiver and Release Form ("Claim Form"), in the form attached hereto as Exhibit B, and authorize the mailing of the Notice and Claim Form to all individuals identified as a putative or potential member of the Settlement Class; (e) appoint Class Counsel as counsel for the Settlement Class and approve attorneys' fees and costs; (f) set a date for the execution and return of Claim Forms, filing of objections or opting out of the settlement; and (g) schedule a hearing for the final approval of the Agreement and settlement and entry of a Final Order dismissing with prejudice all claims encompassed by this Agreement and settlement ("Final Order") consistent with this Agreement. Defendants will not oppose said application or motion.

3. Certification of Settlement Class. The parties agree to request the Court to certify, for settlement purposes only, the following Settlement Class:

> All persons who are or were employed by Defendants in a non-exempt position at any time from July 17, 2006 to the entry of a Final Order and Judgment in this Lawsuit who worked preparing and/or cooking food, washing dishes, cleaning and/or maintaining the premises, unloading trucks, bussing tables, and serving food, including, but not limited to, servers, runners, bussers, bartenders, line cooks, prep cooks, dishwashers, assistant chefs and/or employees who worked in other similar titles.

4. Release of Claims.

a. Plaintiffs and all members of the Settlement Class release defendants, together with their current and former parents, subsidiaries and corporate siblings, and, with respect to each of them, their predecessors and successors, and, with respect to each such entity, all of their past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, and any other persons acting by, through, under or in concert with any of these persons or entities, and their successors and assigns ("Releasees"), from any and all claims that were or could have been asserted in the Lawsuit including but not limited to claims to arbitration, demands, causes of action or liabilities, of whatever kind or nature, for any alleged (i) failure to pay appropriate wages for all hours worked (including but not limited to minimum and overtime wages as well as spread of hours pay), employee benefits, bonuses, and commissions under the Fair Labor Standards Act and New York Labor Law at any point from July 17, 2006 to the entry of judgment in this case; (ii) deductions

from wages or gratuities under the New York Labor Law at any point from July 17, 2006 to the entry of judgment in this case; and (iii) record-keeping and any other violations, under the New York Labor Law at any point from July 17, 2006 to the entry of judgment in this case; Individuals who submit a claim form shall be deemed to have opted-in to this case pursuant to the FLSA and by doing so, release all claims under the FLSA as well as other claims identified or inferred above.

b. In consideration of the payments by Defendants set out in this Agreement and other good and valuable consideration, Plaintiffs and Luis Juarez, with respect solely and only to conduct that has arisen on, or prior to, the entry of judgment in this case, each fully and forever releases, relieves, waives, relinquishes, and discharges Defendants and Releasees from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which each Plaintiff had, now has or hereafter can, shall or may have against Releasees, arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from the beginning of the world to the entry of judgment in this case, including but not limited to: (i) claims arising directly or indirectly from any Plaintiff's association with Releasees, whether as an independent contractor, employee, or otherwise, and the termination of that association; (ii) claims arising directly or indirectly from the actions or inaction of Releasees; and (iii) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Fair Labor Standards Act, the Americans with

Disabilities Act of 1990, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act, the New York Labor Law, the New York State Human Rights Law, each as amended, or any other federal, state, or municipal law, including claims for retaliation.

5. <u>Monetary Relief</u>

a. In full settlement and satisfaction of all monetary claims and payments to Plaintiffs and all members of the Settlement Class encompassed in this Agreement and all costs herein, Defendants shall pay up to the sum of $1,375,000.00 ("Maximum Settlement Amount"). Payments to those who filed an opt in form on or before November 13, 2013 shall be allocated as follows: 50% to wages and 50% to non-wages for statutory liquidated damages and interest, except for such opt-ins unable to complete a Claim Form who will be paid separately in a manner acceptable to Class Counsel. Payments to the remaining Eligible Settlement Class Members will be allocated as wages by the Settlement Administrator. The Maximum gross Settlement Amount will be Defendants' only potential monetary obligation.

b. Prior to the Final Approval Hearing, at such time as is mandated by the Court, Class Counsel shall file a motion for approval of the Settlement and shall file a Proposed Order (1) Confirming Certification of Class and Collective Action, (2) Granting Final Approval of Class Action Settlement, and (3) Entering Final Judgment in a mutually acceptable form.

c. Defendants agree that they will not oppose any petition for an award of attorneys' fees and costs consistent with this Agreement and that all such applications or motions regarding attorneys' fees and costs shall be on consent of all parties. It is agreed that attorneys' fees shall be $458,333.00 and costs shall be $1,200.00. Payment of such fees and costs to Class Counsel shall constitute full satisfaction of any and all obligations by Defendants and their

present and former successors, predecessors, assigns, affiliates, parent companies, subsidiaries, shareholders, principals, officers, directors, agents, insurers, attorneys and employees (including, without limitation, Quirino Lombardi, sued incorrectly as Qurino Lombardi and Guy Lombardi, Jerry Lombardi, Josephine Lombardi Papadakis, and Filomena Lombardi) to pay any fees to any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of Plaintiffs and all Settlement Class Members concerning the claims outlined above and shall relieve Defendants and their present and former successors, predecessors, assigns, affiliates, parent companies, subsidiaries, shareholders, officers, directors, agents, insurers, attorneys and employees of any other claims or liability to any person for any attorneys' fees, expenses and/or costs to which any person may claim to be entitled on behalf of Plaintiffs or any Settlement Class Member concerning the claims released herein.

d. Class Representative Enhancement Award. Subject to Court approval, Defendants further agree to pay Class Representative Elmer Flores an enhancement award ("Enhancement Award") from the Gross Settlement Amount for his service as lead Class Representative, to be paid out by the Settlement Administrator up to a maximum of $10,000.00. The Enhancement Award will be subject to Plaintiff Flores' general release of all claims. Defendants will not object to Class Counsel's application for Court approval of this Enhancement Award for Plaintiff Flores. It is understood that the Enhancement Award is in addition to any individual Settlement Award to which Plaintiff Flores is entitled along with other Class Members. Defendants or the Settlement Administrator will issue an IRS Form 1099 for the Enhancement Award to Plaintiff Flores for his service as Class Representative, and Plaintiff Flores will be responsible for correctly characterizing this compensation for tax purposes and for paying any taxes on the amounts received. Should the Court approve the Enhancement Award to

the Plaintiff Flores in an amount less than that set forth above, the difference between the lesser amount approved by the Court and the Enhancement Award set forth above shall be added to the Net Settlement Amount.

e. Settlement Administrator: The Settlement Administrator will be Simpluris, Inc. or such other Settlement Administrator as may be mutually agreeable to the Parties. The fees of the Settlement Administrator for work done shall be paid by Defendants from the Gross Settlement Amount.

f. The Net Settlement Amount shall be the amount available to be distributed to the Plaintiffs and Eligible Settlement Class Members after payment of legal fees and costs to Class Counsel, the Enhancement Award and Settlement Administrator's fees. The Net Settlement Amount shall only be distributed to Plaintiffs and Settlement Class Members who timely sign and return duly executed Claim Forms ("Eligible Settlement Class Members") in accordance with the following formula and any remaining amounts from the Net Settlement Amount not distributed or cashed within 120 days of mailing will revert back to Defendants. Eligible Settlement Class Members will be paid as follows: Back of the House Class Members (including, but not limited to, those who worked preparing and/or cooking food, washing dishes, cleaning and/or maintaining the premises and unloading trucks)("BOH") claims shall be computed by first determining each BOH Class Member's total weeks worked during the Settlement Period, then calculating each BOH Class Member's total weeks worked as a percentage of the total gross weeks worked for the BOH Settlement Class (53,768 weeks), and then multiplying that percentage by 87.27% of the Net Settlement Amount. The amount calculated by this formula is the BOH Eligible Settlement Class Member's individual Net Amount. Front of the House Class Members (including, but not limited to, those who worked

bussing tables and serving food)("FOH") claims shall be computed by first determining each FOH Class Member's total weeks worked during the Settlement Period, then calculating each FOH Class Member's total weeks worked as a percentage of the total gross weeks worked of the FOH Settlement Class (91,744), and then multiplying that percentage by 12.73% of the Net Settlement Amount. The amount calculated by this formula is the FOH Eligible Settlement Class Member's individual Net Amount. Such formula will be calculated by the Settlement Administrator. Workweeks during the class period up to September 30, 2013 will be included in determining Eligible Settlement Class Members' individual Net Settlement Amounts.

g. A final distribution of the Net Settlement Amount shall be ordered by the Court upon final approval of this Agreement and settlement. Under no circumstances shall the total settlement amount to be paid by Defendants for settlement of all claims, fees and expenses be increased in excess of $1,375,000.00. The amount that Defendants send to Eligible Settlement Class Members through the Settlement Administrator will be dependent on how many valid claim forms are received. If a claim form is not received from a class member that class member will not receive any settlement money and such monies will not be paid by Defendants. If a settlement check is not cashed by an Eligible Settlement Class Member such monies will revert back to Defendants.

**B. <u>Settlement Administration</u>**

1. The parties have agreed to the appointment of Simpluris, Inc. to perform the customary duties of the Settlement Administrator; however, the Parties shall have the right to select or substitute a different Settlement Administrator by mutual agreement. The Settlement Administrator will send the Notice (as described herein) to all Class Members as discussed herein. The Settlement Administrator will calculate the Settlement Award amounts due to Class

Members in accordance with this Stipulation of Settlement, including determining weeks worked based on valid Claim Forms submitted as well as any documentation provided by Defendants within thirty days of Defendants' being provided a copy of each valid Claim Form by the Settlement Administrator. The Settlement Administrator shall report to the Parties' counsel, in summary or narrative form, the substance of its findings and send copies of valid Claim Forms it receives to the parties on a weekly basis. The Settlement Administrator shall be granted reasonable access to Defendants' records to perform its duties, including determining whether a claim form is valid. Upon receipt of funds from Defendants and as provided by the terms of the Settlement, the Settlement Administrator will issue and send out the Settlement Awards to Eligible Settlement Class Members. Tax treatment of the Settlement Awards will be as set forth herein, and in accordance with state and federal tax laws. The Settlement Administrator shall also issue and send out the attorney's fees and costs awarded to class counsel and the Enhancement Award to Elmer Flores. All disputes relating to the Settlement Administrator's performance of duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Stipulation of Settlement until all payments and obligations contemplated by this Stipulation of Settlement have been fully carried out.

C. **CAFA Notice And Administration**

1. Pursuant to CAFA, within ten (10) days after the motion for preliminary approval of the Settlement is so ordered, Defendants will mail the CAFA Notice to the Attorney General of the United States, the Attorney General of the State of New York, the Attorney General of each other state where Class Members reside according to Defendants' records, the Secretary of the U.S. Department of Labor and the Commissioner of the New York State Department of Labor. The Parties intend and believe that the CAFA Notice, pursuant to the procedures

described in this section, comply with the requirements of CAFA; and will request the Court to adjudicate the validity of the CAFA Notice in the motion for final approval of the Settlement and bar any Class Member's claim to void or avoid the Settlement under CAFA.

2. Defendants will have 45 days from the Effective Date to pay the attorneys' fees and costs, enhancement award and the amount claimed by Eligible Settlement Class Members as determined by the Settlement Administrator. All settlement payments will be subject to all required deductions under applicable local, state and federal income and employment taxes. Class Counsel will receive Attorneys' Fees and costs, upon application to and final approval by the Court, and a corresponding IRS Form 1099 for the payment of said fees and costs. Plaintiffs and Eligible Settlement Class Members shall have one hundred and twenty (120) calendar days after the date Defendants mail the settlement payments to cash their settlement checks. If after sixty (60) calendar days after the date the Settlement Administrator mails the settlement payments, any Plaintiff or Eligible Settlement Class Member has not cashed his or her check, the Settlement Administrator shall send a notice to such Plaintiff or Eligible Settlement Class Member advising him or her of the date by which such check must be cashed. If any Plaintiff or Eligible Settlement Class Member does not cash his or her check within the 120-day period, the check will be void and a stop payment will be placed on it. In such event, such Plaintiffs and/or Eligible Settlement Class Member will be deemed to have waived irrevocably any right in or claim to his or her settlement payment but the Agreement and Final Order and Waiver and Release approving the Agreement shall nevertheless remain binding on such Eligible Settlement Class Member.

3. Within thirty (30) days of the Court's Preliminary Approval of this Agreement, Defendants shall provide the Settlement Administrator with a listing of each putative Settlement

Class Member with his or her last known address and designation of BOH or FOH for all Class Members.

4. Within fifteen (15) business days after receiving the putative Settlement Class Member list, the Settlement Administrator shall mail the Court approved Notice and Claim Forms to all those individuals who have been identified by Defendants' records as included within the Settlement Class definition.

5. The Notice will inform putative Settlement Class Members about this Agreement and will also advise them of the opportunity to object to or opt-out of the Settlement and/or to appear at the final approval hearing at which the Court will determine whether to grant final approval of this Agreement and settlement. A Claim Form will also be included. The Settlement Administrator will send the Notice and Claim Form in both English and Spanish.

6. As a condition for receipt of any money provided for in this Agreement and in consideration thereof, each Settlement Class Member will be required to execute and deliver a Claim Form, including a release and waiver, which will release Defendants from and agree not to initiate any legal action against Defendants for any and all claims, as well as tax identification information that is acceptable to the Settlement Administrator, as provided in Exhibit B. The Notice shall inform Settlement Class Members of the requirement to sign the Claim Form and return it by a postmark date certain.

7. All Claim Forms, including any requests to opt out of the Settlement, shall be sent directly to the Settlement Administrator at the address indicated on the Form.

8. All Claim Forms must be returned and postmarked no later than sixty (60) days after the date Notice is mailed to the Settlement Class Members.

9. Any Claim Forms, opt-out requests or objections to the Settlement not received by Class Counsel and/or postmarked by the required postmark date will not be considered. Settlement Class Members who do not timely submit Claim Forms will not be eligible for a distribution from the Net Settlement Amount unless Defendants agree otherwise at their sole discretion. In the event the envelope mailed to the Settlement Class Member is returned by the post office for lack of a valid or current address, the Settlement Administrator will perform an address update check/skip trace, to locate the Settlement Class Member for a re-mailing of the Notice and Claim Form. Any remailing must be made at least thirty days before the opt-out deadline referenced below.

10. Any request to opt-out of or object to the Agreement and settlement or to the proposed settlement payment distribution to an Eligible Settlement Class Member must be made in writing and be mailed to the Settlement Administrator with a postmark no later than sixty (60) days after the date the Notice was mailed to the Settlement Class Members.

11. Settlement Class Members who fail to submit a timely written objection shall be deemed to have waived any objections and shall be foreclosed from making any objection to this Agreement and settlement.

12. Any Settlement Class Member who wishes to appear and present an objection at the final approval hearing must file a notice of appearance and take all other actions as may be ordered by the Court as a condition to appear and present an objection. Any Settlement Class Member who fails to comply with the requirements for appearance at the final approval hearing in this Agreement and any applicable Court Order shall not be permitted to appear and present an objection at the final approval hearing.

13. No later than thirty (30) days prior to the final approval hearing, Class Counsel and Defendants' Counsel shall confer on (a) a list of all Eligible Settlement Class Members who timely filed their Claim Form and (b) a list of all Settlement Class Members who filed a timely objection or an opt out request.

**D.** **<u>Final Approval and Entry of Final Order</u>**. Within seven (7) days prior to the final approval hearing, the parties shall submit to the Court a proposed Stipulation of Dismissal and Final Order, which shall:

1. Approve the settlement as fair, reasonable and adequate;

2. Dismiss with prejudice the Lawsuit, and dismiss the claims of all Settlement Class Members from commencing or prosecuting any legal action or claim against Defendants and their present and former successors, predecessors, assigns, affiliates, parent companies, subsidiaries, shareholders, officers, principals, directors, agents, insurers, attorneys and employees which were asserted in the Lawsuit or which could have been asserted based on or arising out of any acts, facts, transactions, occurrences, representations, or omissions alleged in the Lawsuit and encompassed by the Agreement and settlement through the date of final approval of this Agreement and settlement;

3. Reserve the Court's continuing jurisdiction over the Parties and this Agreement and settlement to administer, supervise, interpret and enforce this Agreement and settlement;

4. Approve the payment of $458,333.00 in Attorneys' Fees and costs of $1,200.00, payable to Class Counsel;

5. Approve an Enhancement Award of $10,000.00 to Plaintiff Flores;

6. Approve the apportionment and settlement claims process as outlined in this Agreement; and

7. Order any additional relief deemed just and proper by the Court.

E. **Withdrawal from or the Termination of the Agreement**

1. Each Party reserves the right to withdraw from this Agreement if (a) any portion of the Agreement is disapproved by this Court; (b) the Court does not enter a Preliminary Approval Order, and/or a mutually acceptable Final Order; and/or; (c) any such Order is reversed or modified on appeal. Defendants also have the option to terminate this agreement if more than ten (10) putative class members opt out of the settlement. Each Party may exercise their option to withdraw from and terminate this Agreement, as provided above, by giving written notice to the other and to the Court.

2. In the event a Party withdraws from and terminates this Agreement pursuant to the terms herein, this Agreement, and any orders issued pursuant to it, are null and void, and any orders shall be vacated *nunc pro tunc.*

F. **Mutual Full Cooperation**. The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Agreement.

G. **Parties' Authority**. The signatories hereby represent that they are fully authorized to enter into this Agreement and bind the parties hereto to the terms and conditions hereof.

H. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. In addition, a facsimile signature contained hereon shall be deemed an original.

I. **Notices**. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Plaintiff Class:

Neil M. Frank, Esq.
Peter A. Romero, Esq.
Frank & Associates, P.C.
500 Bi-County Boulevard, Suite 112N
Farmingdale, NY 11735

To Defendants:

Robert D. Lipman
Lipman & Plesur, LLP
500 North Broadway, Suite 105
Jericho, NY 11753

Dated: November 18th, 2013 By: ______________________
Elmer Flores

Dated: November 18th, 2013 By: ______________________
Jose Gonzalez Rodriguez

Dated: November 19th, 2013 By: ______________________
Ramon Benitez

Dated: November 18th, 2013 By: ______________________
Jamie Velasquez

Dated: November 20th, 2013 By: ______________________
Edwin Hernandez

Dated: November 18th, 2013 By: ______________________
Paola Pineda

Dated: November 18, 2013 By: ______________________
Lilian Fuentes

Dated: November 18th, 2013 By: ______________________
[redacted] Fred Fuentes

Dated: November 20th, 2013 By: ______________________
[redacted] Edwin Esquivel

Dated: November 18th, 2013 By: ______________________
Luis Juarez

Mamma Lombardi's of Holbrook, Inc.

Dated: November __, 2013 By: ______________________

600 South Ocean Operating Corp. d/b/a Lombardi's On The Bay

Dated: November 21, 2013 By: ______________________

Lombardi Caterers, Inc. d/b/a Lombardi's On The Sound

Dated: November 21, 2013 By: ______________________

QCG, Inc. d/b/a Villa Lombardi's

Dated: November 21, 2013 By: ______________________

1055 Patchogue Operating Corp. d/b/a Lombardi's Market

Dated: November 21, 2013 By: ______________________

Dated: November 21, 2013 By: ______________________
Quirino Lombardi a/k/a Guy Lombardi

Dated: November 21, 2013 By: ______________________
Jerry Lombardi

Dated: November __, 2013 By: ______________________
Josephine Lombardi Papadakis

Dated: November 21, 2013 By: ______________________
Filomena Lombardi

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELMER FLORES, JOSE GONZALEZ RODRIGUEZ, RAMON BENITEZ, JAMIE VELASQUEZ, EDWIN HERNANDEZ, PAOLA PINEDA, LILIAN FUENTES, EDWIN ESQUIVEL, and FRED FUENTES, on behalf of themselves and all others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MAMMA LOMBARDI'S OF HOLBROOK, INC., 600 SOUTH OCEAN OPERATING CORP. d/b/a LOMBARDI'S ON THE BAY, LOMBARDI CATERERS, INC. d/b/a LOMBARDI'S ON THE SOUND, QCG, INC. d/b/a VILLA LOMBARDI'S, 1055 PATCHOGUE OPERATING CORP. d/b/a LOMBARDI'S MARKET & CAFÉ, QURINO LOMBARDI, JERRY LOMBARDI, JOSEPHINE LOMBARDI PAPADAKIS, FILOMENA LOMBARDI and GUY LOMBARDI,<br><br>Defendants. | **12 Civ. 3532 (LDW) (GRB)**<br><br>**ECF CASE** |

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| FILE A CLAIM | If you sign and mail the enclosed Claim Form to the Settlement Administrator by [date to be inserted], you will receive the amount determined by the Settlement Administrator pursuant to the formula outlined below, less payroll withholdings as specified below, which is your share of the Settlement with Defendants that still requires final approval by the Court. By accepting your share of the Settlement, and completing and returning the attached Claim Form, you also waive certain claims, including all wage and hour claims against Defendants as described in more detail in the Claim Form and below. |

| | |
|---|---|
| DO NOTHING | If you do nothing, you will NOT receive your share of the Settlement with Defendants, and, if the Court approves the Settlement, you will still be barred from bringing certain wage and hour claims against Defendants as described below. |

| | |
|---|---|
| OBJECT | You may prepare an objection to the terms of the Settlement with Defendants, as described below, and mail it to the Settlement Administrator to be received by [date to be inserted]. |
| EXCLUDE YOURSELF | If you send a letter asking to be excluded from this case, in the form detailed below, you will not receive your share of the Settlement with Defendants, if approved by the Court, and you will not be deemed to have waived any claims against Defendants. |

## I. INTRODUCTION

A proposed settlement (the "Settlement") has been reached in the class action lawsuit entitled *Elmer Flores, et al. v. Mamma Lombardi's of Holbrook, et al.*, in the United States District Court Eastern District of New York, Case No. 12 Civ. 3532 (LDW) (GRB) (this "Action").

The Parties in this Action are Mamma Lombardi's of Holbrook, Inc., 600 South Ocean Operating Corp. d/b/a Lombardi's On The Bay, Lombardi Caterers, Inc. d/b/a Lombardi's On The Sound, QCG, Inc. d/b/a Villa Lombardi's, 1055 Patchogue Operating Corp. d/b/a Lombardi's Market and Cafe, Quirino Lombardi, Jerry Lombardi, Josephine Lombardi Papadakis, and Filomena Lombardi (collectively, "Defendants") and Elmer Flores, Jose Gonzalez Rodriguez, Ramon Benitez, Jamie Velasquez, Edwin Hernandez, Paola Pineda, Lilian Fuentes, Edwin Esquivel, and Fred Fuentes (collectively, the "Named Plaintiffs"), on behalf of themselves and all other similarly situated current and former employees of Defendants.

Defendants will not retaliate against you for participating in the Settlement.

**BECAUSE YOUR RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT, IT IS EXTREMELY IMPORTANT THAT YOU READ THIS NOTICE CAREFULLY.**

As explained in more detail below, you must file a claim by [insert date] to receive a portion of the Settlement. If you fail to file a timely, complete and valid claim, you will receive

nothing under the Settlement, but you still will be bound by the release of claims and dismissal described in this Notice.

A. **PURPOSE OF THIS NOTICE.** The United States District Court for the Eastern District of New York preliminarily approved a settlement of claims brought by the Named Plaintiffs against Defendants on behalf of all individuals employed by Defendants in a non-exempt position at any time from July 17, 2006 to the entry of a Final Order and Judgment in this Lawsuit who worked preparing and/or cooking food, washing dishes, cleaning and/or maintaining the premises, unloading trucks, bussing tables, and serving food, including, but not limited to, servers, runners, bussers, bartenders, line cooks, prep cooks, dishwashers, assistant chefs and/or employees who worked in other similar titles (the "Settlement Class"). According to Defendants' records, you are a member of the Settlement Class. The purpose of this Notice is to inform you about the proposed Settlement and to summarize your rights and options regarding this Action and the Settlement.

B. **DESCRIPTION OF THIS ACTION.** The Named Plaintiffs in this Action contend that Defendants improperly denied them and others wages due them under the Fair Labor Standards Act and New York Labor Law. More specifically, the Plaintiffs allege that: (i) Defendants failed to pay minimum wage, overtime premium pay or spread of hours pay; (ii) Defendants made unlawful deductions from wages or gratuities; and (iii) Defendants unlawfully retaliated against Plaintiffs Velasquez, Hernandez and Juarez.

Defendants deny Plaintiffs' allegations. Defendants maintain that they fully complied with the law relative to its compensation of its employees and did not retaliate against Plaintiffs.

This Action was filed by the Named Plaintiffs in the United States District Court for the Eastern District of New York on July 17, 2012. The Parties conducted a significant investigation

into the facts of this case. Counsel for the Parties also investigated the applicable law regarding the claims and damages alleged, as well as potential defenses available in this Action. Both sides agree that, in light of the risks and expenses associated with further litigation, this Settlement is fair and appropriate under the circumstances.

The United States District Court for the Eastern District of New York has not ruled on the class status or merits of Named Plaintiffs' claims or Defendants' defenses to those claims.

The attorneys for the Class ("Settlement Class Counsel") in this Action are:

Neil M. Frank, Esq. and Peter A. Romero, Esq.
FRANK & ASSOCIATES, P.C.
500 Bi-County Boulevard, Suite 112N
Farmingdale, New York 11735
Telephone: (631) 756-0400
Facsimile: (631) 756-0547

*Attorneys for Plaintiffs*

On ____________, 2013, the Court granted preliminary approval of the proposed Settlement and Release Agreement. The Court will decide whether to grant final approval for the Settlement at a hearing scheduled for ___________at the United States District Court, Eastern District of New York, Long Island Federal Courthouse, 100 Federal Plaza, Central Islip, New York 11772.

C. **SUMMARY OF PROPOSED SETTLEMENT.**

Subject to the Court's final approval, the terms of the Settlement are as follows:

1. Defendants will pay up to a total amount of $1,375,000.00 (the "Maximum Settlement Amount") to the Settlement Class. This sum includes an Enhancement Award of $10,000.00 to Plaintiff Flores for his initiation of the lawsuit, prosecution and risks undertaken for costs in the event he was unsuccessful.

2. If you were employed by Defendants in a non-exempt position and are in the Settlement Class and you provide the Settlement Administrator with a valid Claim Form on or before _______, you may receive a distribution from the Net Settlement Amount as indicated above. The precise amount of the settlement payment that you will receive will depend on (1) the weeks that you worked during the period between July 17, 2006 and September 30, 2013; (2) the total weeks worked by all Class Members; and (3) the Net Settlement Amount available. The precise formula used can be found in the Settlement Agreement. In order to receive your distribution, you must complete the entire claim form so your prorate share may be properly calculated. Any incomplete claim forms will be rejected.

3. The settlement payment to you from the Net Settlement Amount shall be reduced by ordinary payroll withholdings as determined by the Settlement Administrator.

4. Settlement Class Counsel may apply to the District Court for an award of fees, costs, and expenses in this Action (the "Fee Application"), not to exceed Four Hundred Fifty-Eight Thousand Three Hundred Thirty-Three Dollars and No Cents ($458,333.00) for attorneys' fees and costs of One Thousand Two Hundred Dollars and No Cents ($1,200.00). Defendants will not object to the reasonableness of this application. Any fees, costs and expenses approved by the Court will be paid out of the Maximum Settlement Amount. As part of this Settlement, you will not be required to separately pay Settlement Class Counsel for their representation of you in this Action.

5. If the proposed Settlement is approved by the Court, (i) all Class Members who have not timely and validly requested exclusion from the Settlement (regardless of whether they actually choose to file a claim) will be bound by the terms of the proposed Settlement (i.e. the "Settlement Class Members"), (ii) any Judgment entered by the Court will be final, and (iii) all

Class Members will have released the "Released Parties" from the "Released Claims," as set forth below:

a. The Settlement Class Members, on behalf of themselves and each of their heirs, estates, executors, administrators, assigns, transferees and representatives, release and forever discharge the Released Parties (as defined below) from the "Released Claims." "Released Claims" means any and all claims that were or could have been asserted in the Lawsuit including but not limited to claims to arbitration, demands, causes of action or liabilities, of whatever kind or nature, for any alleged (i) failure to pay appropriate wages for all hours worked (including but not limited to minimum and overtime wages as well as spread of hours pay), employee benefits, bonuses, and commissions under the Fair Labor Standards Act and New York Labor Law at any point from July 17, 2006 to the entry of judgment in this case; (ii) deductions from wages or gratuities under the New York Labor Law at any point from July 17, 2006 to the entry of judgment in this case; and (iii) record-keeping and any other violations, under the New York Labor Law at any point from July 17, 2006 to the entry of judgment in this case. Individuals who submit a claim form shall be deemed to have opted-in to this case pursuant to the FLSA and by doing so, release all claims under the FLSA as well as other claims identified or inferred above. The Settlement Class Members will be barred from suing or otherwise making a claim against Defendants or any of the Released Parties for any of the Released Claims.

b. "Released Parties" means Mamma Lombardi's of Holbrook, Inc., 600 South Ocean Operating Corp. d/b/a Lombardi's On The Bay, Lombardi Caterers, Inc. d/b/a Lombardi's On The Sound, QCG, Inc. d/b/a Villa Lombardi's, 1055 Patchogue Operating Corp. d/b/a Lombardi's Market and Cafe, Quirino Lombardi, Guy Lombardi, Jerry Lombardi,

Josephine Lombardi Papadakis, and Filomena Lombardi, together with their current and former parents, subsidiaries and corporate siblings, and, with respect to each of them, their predecessors and successors, and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, and any other persons acting by, through, under or in concert with any of these persons or entities, and their successors.

c. Even though the Settlement Class Members may discover facts in addition to or different from those which they now know or believe to be true regarding the subject matter of the Released Claims, each Settlement Class Member, upon the Effective Date, shall be deemed to have and by operation of the Final Judgment shall have fully, finally and forever settled and released any and all of the Released Claims. This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

d. The Settlement Class Members agree not to sue or otherwise make a claim against Defendants or any of the Released Parties that is in any way related to the Released Claims.

6. Any remaining amounts from the Net Settlement Amount not distributed or cashed will revert to Defendants.

7. Upon Final Judgment, this Action will be dismissed with prejudice.

**D. <u>TO POTENTIALLY RECEIVE A SETTLEMENT AWARD</u>.**

**To receive a Settlement Award, you must complete and mail a valid Claim Form (which is enclosed with this Notice) to the Settlement Administrator at the address below.**

**Your Claim Form must be postmarked no later than ___________.**

**Late or incomplete Claim Forms will not be honored.**

If your address or other contact information on the Claim Form is incorrect, please make corrections on the Claim Form that you return to the Settlement Administrator. Or if your address or other contact information changes between the date you submit your Claim Form and the date you are mailed a Settlement Award, you must contact the Settlement Administrator to let them know of your change of address.

No person who participates in this Settlement may be retaliated against in any way by Defendants.

If you are a member of the Settlement Class and you do not exclude yourself from the Settlement, you will be bound by all of the provisions of the Settlement between the Parties, including a full release of claims that will prevent you from separately suing Defendants or the Released Parties for the Released Claims settled in this case, even if you do not submit a Claim Form as required by the Settlement.

**E. TO REQUEST EXCLUSION FROM THE SETTLEMENT.**

To exclude yourself from the Settlement, you must mail a written statement to the Settlement Administrator at the address listed above on or before ________________ stating your desire to be excluded from the Settlement. Your written statement must include your name, address, telephone number,, and time period of employment by any of the Defendants, and you must sign a statement saying that "I understand I am requesting to be excluded from the Parties' settlement and that I will receive no money from the Parties' settlement."

Requests to be excluded from the Settlement that are not postmarked and mailed by __________ will be deemed null, void, and ineffective. If you submit a timely and valid request for exclusion from the Settlement, you will not be eligible to receive any of the benefits under the Settlement, and you will not be bound by the terms of the Settlement. However, you will retain whatever rights you may have against Defendants for any of the claims asserted in this Action.

F. **TO OBJECT TO THE SETTLEMENT.**

If you believe the Settlement is unfair or inadequate in any respect, you may object to the Settlement by ________. To object to the Settlement, you must, personally or through an attorney, file a written objection with the Court and mail a copy of your objection to the Settlement Administrator. All objections must be signed, postmarked by ______, and set forth your name, address, telephone number, and the name of the case and case number: *Elmer Flores, et al. v. Mamma Lombardi's of Holbrook, Inc. et al.*, in the United States District Court Eastern District of New York, Case No. 12 Civ. 3532 (LDW) (GRB). If you submit an objection, you may appear personally, or through an attorney, at your own expense, at the Final Approval Hearing (discussed both above and below). Your objection should clearly and concisely explain why you object to the Settlement and must state whether you, or someone on your behalf, intend to appear at the Final Approval Hearing, and must identify and provide any documents upon which your objection relies, or upon which you intend to present at the Final Approval Hearing. Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

Any Settlement Class Member who does not object in the manner provided above shall be deemed to have waived any objections, and shall be forever foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the claims process, the Enhancement Award, and all other aspects of the Settlement.

**REGARDLESS OF WHETHER YOU FILE AN OBJECTION,**

**YOU MUST SUBMIT A TIMELY AND VALID CLAIM FORM**

**IN ORDER TO RECEIVE ANY PROCEEDS UNDER THE SETTLEMENT.**

### G. IF YOU DO NOTHING.

If you do nothing in response to this Notice, you will not receive any benefits under the Settlement, but you will be bound by the terms of the Settlement and be deemed to release all of your claims against Defendants and the Released Parties that fall within the definition of Released Claims.

### H. FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT.

The Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, attorneys' fees and costs, and Enhancement Award will be held ___________________ at _____________ in the United States District Court, Eastern District of New York, Long Island Federal Courthouse, 100 Federal Plaza, Central Islip, New York 11772. The Final Approval Hearing may be rescheduled without further notice. If the hearing is rescheduled, Class Counsel will notify any Class Member who timely submits an objection as set forth above in paragraph F of the new date and time.

### I. ADDITIONAL INFORMATION.

This Notice only summarizes the lawsuit, the Settlement and related matters. For more information, you may inspect the Court files, including the Stipulation and Settlement

Agreement, at Office of the Clerk of the Court, located United States District Court, Eastern District of New York, Long Island Federal Courthouse, 100 Federal Plaza, Central Islip, New York 11772, during the hours the court is open.

Any questions regarding this Notice or the Claim Form should be directed to the Settlement Administrator at the above address and telephone number.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

**IF YOU HAVE QUESTIONS, CALL**

**THE SETTLEMENT ADMINISTRATOR AT __________.**

**BY ORDER OF THE**
**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELMER FLORES, JOSE GONZALEZ RODRIGUEZ, RAMON BENITEZ, JAMIE VELASQUEZ, EDWIN HERNANDEZ, PAOLA PINEDA, LILIAN FUENTES, EDWIN ESQUIVEL, and FRED FUENTES, on behalf of themselves and all others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MAMMA LOMBARDI'S OF HOLBROOK, INC., 600 SOUTH OCEAN OPERATING CORP. d/b/a LOMBARDI'S ON THE BAY, LOMBARDI CATERERS, INC. d/b/a LOMBARDI'S ON THE SOUND, QCG, INC. d/b/a VILLA LOMBARDI'S, 1055 PATCHOGUE OPERATING CORP. d/b/a LOMBARDI'S MARKET & CAFÉ, QURINO LOMBARDI, JERRY LOMBARDI, JOSEPHINE LOMBARDI PAPADAKIS, FILOMENA LOMBARDI and GUY LOMBARDI,<br><br>Defendants. | **12 Civ. 3532 (LDW) (GRB)**<br><br>**ECF CASE** |

**<u>TIME SENSITVE FORM FOR CLAIM</u>**

[Name to be inserted]

[Address to be inserted]

If your name or address is different from those shown above, print the corrections on the lines above and to the right.

**TO BE ELIGIBLE TO RECEIVE MONEY FROM THIS SETTLEMENT, IF APPROVED BY THE COURT, YOU MUST COMPLETE AND MAIL THIS FORM POSTMARKED BY ________**

**ALL UNTIMELY CLAIMS WILL BE REJECTED**

**YOU MUST <u>SIGN</u> AND MAIL THIS CLAIM FORM TO THE SETTLEMENT ADMINISTRATOR AT:**

## INSTRUCTIONS

1. You must sign and mail this Claim Form in order to receive your share of the Settlement. Your properly completed and signed Claim Form must be postmarked on, or before, ______, or it will be rejected.

2. If you move, please send your new address to the Settlement Administrator at the address indicated above. It is your responsibility to keep a current address on file with the Settlement Administrator.

3. If you sign and mail this Claim Form, postmarked on, or before, the date above, and provided the Court gives final approval to the Settlement, you will be sent a check based on the formula contained in the Notice, less payroll withholdings.

4. Submitting a claim will not impact your employment with Defendants in any way.

5. You must complete and return the IRS Form copied below and incorporated in this claim form.

**Yes, I wish to participate in this case and be a part of this settlement if it is approved by the Court** My signature represents my understanding that I am opting into this case under the Fair Labor Standards Act (FLSA) and that I am providing a full and complete release of Mamma Lombardi's of Holbrook, Inc., 600 South Ocean Operating Corp. d/b/a Lombardi's On The Bay, Lombardi Caterers, Inc. d/b/a Lombardi's On The Sound, QCG, Inc. d/b/a Villa Lombardi's, 1055 Patchogue Operating Corp. d/b/a Lombardi's Market and Cafe, Quirino Lombardi, Jerry Lombardi, Josephine Lombardi Papadakis, and Filomena Lombardi, all their current and former parents, subsidiaries, or corporate affiliates, and, with respect to each of them, their predecessors and successors, and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, and any other persons acting by, through, under or in concert with any of these persons or entities, and their successors, for the claims alleged or that could have been alleged in *Flores et. al v. Mamma Lombardi's of Holbrook, Inc. et. al*, including all claims, rights, demands, liabilities and causes of action of every nature and description regarding unpaid compensation, including, but not limited to, unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, costs, expenses, under the FLSA or any state law regarding the payment of wages related to the time period of July 17, 2006 to the entry of judgment in this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | |
|---|---|
| ______________________<br>(Sign your name here) | ________________<br>(Date) |
| ______________________<br>Print Your Name Here | ______________________<br>Former Names Used When Working For Defendants (if any)* |
| (_____)______________<br>Daytime Phone # | (_____)______________<br>Evening Phone # |

______________________
Email address (optional)

______________________
Home address

______________________
Location(s) Worked and Positions Held*

______________________
Dates Worked*

*This information is needed so the Settlement Administrator may accurately determine your pro rated share of the settlement amount.